UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To:*
*August v. General Motors LLC, 16-CV-8544 (JMF);*
*Hancock v. General Motors LLC, 18-CV-1019 (JMF);*
*New v. General Motors LLC, 18-CV-0060 (JMF);*
*Hamilton v. General Motors LLC, 16-CV-2046 (JMF);*
*Webb v. General Motors LLC, 16-CV-5525 (JMF);*
*Adesanya v. General Motors LLC, 16-CV-0925 (JMF);*
*Bledsoe v. General Motors LLC, 14-CV-7631 (JMF);*
*Machado v. General Motors LLC, 18-CV-2984 (JMF)*
------------------------------------------------------------------------x

14-MD-2543 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

This multi-district litigation, general familiarity with which is presumed, relates to highly publicized defects in certain General Motors branded vehicles and associated vehicle recalls. This Memorandum Opinion and Order pertains to motions filed by Plaintiffs bringing personal injury or wrongful death claims in eight member cases: *August v. General Motors LLC*, 16-CV-8544; *Hancock v. General Motors LLC*, 18-CV-1019; *New v. General Motors LLC*, 18-CV-0060; *Hamilton v. General Motors LLC*, 16-CV-2046; *Webb v. General Motors LLC*, 16-CV-5525; *Adesanya v. General Motors LLC*, 16-CV-0925; *Bledsoe v. General Motors LLC*, 14-CV-7631; and *Machado v. General Motors LLC*, 18-CV-2984.

The Court will address each motion in turn.

**1.  *August v. General Motors LLC*, 16-CV-8544**

On January 30, 2018, the Court dismissed with prejudice the claims of Flora August, C.K. (by Etoyea August), and A.A. (by Etoyea August) — three of the four Plaintiffs in *August v. General Motors LLC* — for failure to comply with their discovery obligations despite repeated

warnings. *See* Docket No. 4980; *see* Docket No. 4887-1.[1] On March 28, 2019 — almost fourteen months later — those Plaintiffs and the one remaining Plaintiff in the case, the Succession of Edwards August, Jr. ("E. August"), filed a motion for leave to amend their Complaint. *See* Docket No. 6612.

Upon review of the parties' motion papers, *see* Docket Nos. 6612, 6666, the Court denies the *August* Plaintiffs' motion.[2] As to Flora August, C.K., and A.A., the motion is without merit because judgment has been entered and Plaintiffs have not succeeded in having the judgment vacated. *See, e.g.*, *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) ("A party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)."); *see also, e.g.*, *Smith v. Hogan*, 794 F.3d 249, 256 (2d Cir. 2015) ("Because [plaintiff] did not succeed in having the judgment vacated, he was not entitled to replead at this stage of the case."). And to the extent that Plaintiffs' motion can be construed to also seek an order, pursuant to Rules 59 or 60 of the Federal Rules of Civil Procedure or S.D.N.Y. Local Civil Rule 6.3, vacating or amending the judgment, the motion is without merit, substantially for the reasons stated by General Motors LLC ("New GM") in its opposition to Plaintiffs' motion. *See* Docket No. 6666, at 5-6.

---

[1]      Unless otherwise noted, docket references are to 14-MD-2543.

[2]      Although the Court's rules require a party to submit any request for an extension or adjournment at least forty-eight hours in advance of a deadline (absent emergency), at 11:57 p.m. on April 18, 2019, the deadline for any reply, the *August* Plaintiffs moved for a twenty-one day extension of their deadline to file a reply. *See* 16-CV-8544, Docket No. 96. The *August* Plaintiffs did not file the motion on the MDL docket as required by MDL Order No. 1, *see* Docket No. 19, at 3, and did not renew the request (let alone file a reply by their proposed deadline). In light of those considerations, the motion is DENIED as untimely. *See* Individual Rules and Practices in Civil Cases in Civil Cases ¶ 1.E.

As to E. August, the motion is denied on futility grounds because the proposed amended complaint fails to state a plausible claim for relief. *See, e.g.*, *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("A district court has discretion to deny leave [to amend] for good reason, including futility"); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000) ("Where the amended portion of the complaint would fail to state a cause of action . . . the district court may deny the party's request to amend."). To state a plausible claim, Plaintiff must provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" — a standard that requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). E. August's threadbare and conclusory assertions — that his vehicle's air bags failed to deploy "fully or properly" and that his seatbelt pretensioners and "other vehicle safety systems" failed to engage, *see* Docket No. 6612-2, ¶¶ 18-27, 37 — fail to meet that standard, as he does not specify the actual defective component or nature of the defect that allegedly caused his vehicle (or any part thereof) to not function properly. *See, e.g.*, *Rodman v. Stryker Sales Corp.*, No. 14-CV-1102 (JMF), 2014 WL 5002095, at *2 (S.D.N.Y. Oct. 7, 2014) (dismissing defect and warranty-related claims because the plaintiff's complaint failed to "identify any actual defect in the [product]"); *Am. Guarantee & Liab. Ins. Co. v. Cirrus Design Corp.*, No. 09-CV-8357 (BSJ) (HBP), 2010 WL 5480775, at *2 (S.D.N.Y. Dec. 30, 2010) (dismissing defect claims because the plaintiff failed to "specify the actual defective component or the nature of the defect").

Accordingly, the *August* Plaintiffs' motion for leave to amend their complaint is DENIED. Per the Court's order of April 8, 2019, counsel shall promptly confer and, within **ten days** of the date of this Memorandum Opinion and Order, submit a joint letter proposing next steps for E. August's case, including whether to remand his claims. *See* Docket No. 6649.

2. *Hancock v. General Motors LLC*, 18-CV-1019, and *New v. General Motors LLC*, 18-CV-0060

On February 19, 2019, the Court entered an order dismissing the claims of Plaintiffs in, among other cases, *Hancock v. General Motors LLC* and *New v. General Motors LLC* without prejudice for failure to submit a substantially complete Plaintiff Fact Sheet ("PFS") in accordance with MDL Order No. 25 (Docket No. 422). *See* Docket No. 6486. On March 18, 2019, the *Hancock* Plaintiffs filed a purported Notice of Plaintiff Fact Sheet. 18-CV-1019, Docket No. 56. Asserting that the filing was "not a PFS, let alone a substantially complete PFS," New GM moved on April 4, 2019, to dismiss the claims of the *Hancock* Plaintiffs with prejudice. Docket No. 6644, at 2 n.1. In the same motion, New GM moved to dismiss with prejudice the claims of Plaintiff Allen New. *See id.* After receiving an extension to respond to New GM's motion, *see* 18-CV-1019, Docket No. 64, the *Hancock* Plaintiffs filed another purported PFS on May 30, 2019, *see* 18-CV-1019, Docket No. 66. Mr. New did not file any opposition to New GM's motion. New GM maintains that the *Hancock* Plaintiffs' new PFS is still deficient, primarily because it was not completed under oath or signed by Plaintiffs themselves. *See* Docket No. 6862, at 4-5.

New GM's motion to dismiss Mr. New's claims is GRANTED as unopposed. Further, upon review of the parties' motion papers, *see* Docket Nos. 6862, 6935, the Court agrees with New GM that the *Hancock* Plaintiffs' latest PFS is deficient because it is not signed and sworn by Plaintiffs themselves. *See* Order No. 25, ¶ 11 (providing that "[a] completed [] PFS. . . requires that each Plaintiff sign a Declaration under penalty of perjury" and that PFSs "shall be considered to be interrogatory answers and responses to requests for production under the Federal Rules of Civil Procedure, and will be governed by the standards applicable to written discovery under the Federal Rules of Civil Procedure"); *see also Hernandez v. NJK Contractors,*

*Inc.*, No. 09-CV-4812 (RER), 2015 WL 1966355, at *36 (E.D.N.Y. May 1, 2015) ("Rule 33 of the Federal Rules of Civil Procedure requires interrogatories to be answered by the party to whom they are directed and signed by [the] same."); *Morin v. Nationwide Fed. Credit Union*, 229 F.R.D. 364, 369 (D. Conn. 2005) (stating that "an answer is deficient" under Rule 33 when "it is not made under oath and is not signed by the person making it").[3] Nevertheless, exercising its discretion, the Court grants the *Hancock* Plaintiffs one final opportunity to cure that deficiency — and any others — in the PFS.[4] Within **three weeks** of the date of this Memorandum Opinion and Order, the *Hancock* Plaintiffs shall submit to New GM, in accordance with MDL Order No. 25, a substantially complete PFS, signed and sworn by the Plaintiffs themselves or their lawfully designated representatives. *See* Fed. R. Civ. P. 17(c). Failure to do so may result in dismissal with prejudice.[5]

---

[3] Counsel for the *Hancock* Plaintiffs notes that Megan Hancock suffers from medical conditions that make her incapable of understanding and signing the PFS and that Plaintiffs T.H., L.H., C.N. and R.N. are minors. *See* 18-CV-1019, Docket No. 66, at 2; *see also* Docket No. 6935, ¶¶ 5, 7. It does not follow, however, that counsel may sign the PFSs. *See, e.g.*, *Lewis v. Ascension Parish Sch. Bd.*, No. 08-193-C-M2, 2009 WL 10681439, at *3 (M.D. La. March 5, 2009) (compelling the resubmission of discovery responses signed by counsel rather than the plaintiff, who was suing individually and on behalf of minors); *see also, e.g.*, *Lamberth v. Clark Cnty. Sch. Dist.*, 2015 WL 4076506, at *6 (D. Nev. July 1, 2015) ("The answers to interrogatories may also be signed on [a minor party's] behalf by one or both of his parents."); *cf.* Fed. R. Civ. P. 17(c). *But see Hall v. Hague*, 34 F.R.D. 449, 450 (D. Md. 1964) (stating that the plaintiff minor's answers to interrogatories "may be (a) signed and sworn to by the next friend, or (b) *signed by the attorney for the plaintiff*" (emphasis added)).

[4] In a footnote, New GM asserts that "many of the PFS answers submitted are substantively deficient," providing two examples. Docket No. 6862, at 4-5 n.3. Within **one week** of the date of this Memorandum Opinion and Order, New GM shall provide counsel to the *Hancock* Plaintiffs a comprehensive list of the alleged deficiencies in their PFS.

[5] Counsel to the *Hancock* Plaintiffs represents that he has had various health problems and that any "[d]elays have been caused by counsel and not by the Plaintiffs." Docket No. 6935, ¶ 10. The Court is sympathetic, but counsel's health problems do not justify Plaintiffs' failure to comply with their obligations. If counsel anticipates that his health issues will cause further delay, he is urged to arrange for the *Hancock* Plaintiffs to obtain new or additional counsel.

In light of the foregoing, New GM's motion to dismiss the claims of the *Hancock* Plaintiffs with prejudice is DENIED (without prejudice to renewal should the *Hancock* Plaintiffs fail to cure the deficiencies with their PFS), and the *Hancock* Plaintiffs' request for attorney's fees, *see* Docket No. 6935, ¶ 14, is DENIED as meritless. Further, New GM's motion to dismiss the claims of Plaintiff Allen New with prejudice is GRANTED as unopposed.

### 3. *Hamilton v. General Motors LLC*, 16-CV-2046

On May 10, 2017, the Court summarily denied a request by Plaintiffs in *Hamilton v. General Motors LLC* to order a settlement conference with Magistrate Judge James L. Cott or, alternatively, for remand to the Western District of Oklahoma for "discovery on the non-ignition switch issues" with the vehicle at issue "and for trial." 16-CV-2046, Docket No. 47, at 1; *see* 16-CV-2046, Docket No. 51. On May 21, 2019 — more than two years later — Plaintiffs filed a "second" motion seeking similar, if not identical, relief. 16-CV-2046, Docket No. 122. Whether the *Hamilton* Plaintiffs' motion is construed as a motion for reconsideration of the Court's earlier denial or as a new motion, it is without merit, substantially for the reasons stated by New GM in its opposition to the motion. *See* Docket No. 6824. Indeed, as New GM notes, the "only material change between 2017," when the Court denied the *Hamilton* Plaintiffs' first request, "and the present is plaintiffs' inclusion in Wave Three [discovery]." *Id.* at 5; *see* Order No. 160 (Docket No. 6511). If anything, however, "that is . . . reason to reaffirm the Court's earlier ruling, not revisit it." *See* Docket No. 6824, at 5.

Accordingly, the *Hamilton* Plaintiffs' motion is DENIED.

### 4. *Webb v. General Motors LLC*, 16-CV-5525

Next, Plaintiff Megan Webb moves, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, for relief from the dismissal of her claims for failure to comply with her discovery obligations. *See* Docket No. 6049; *see also* Docket No. 4980. Rule 60(b) states that,

6

"[o]n motion and just terms, the court may relieve a party . . . from a final judgment . . . for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "[E]xcusable neglect embraces inadvertence, carelessness, and mistake, and may be found where a party's failure to comply with filing deadlines is attributable to negligence." *Melvin v. Miller*, No. 3:09-CV-1612 (RNC), 2016 WL 1255548, at *2 (D. Conn. Mar. 29, 2016) (internal quotation marks omitted); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "[F]ailure to follow the clear dictates of a court rule" or order, however, "will generally not constitute such excusable neglect." *See Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997). A court's "determination" of whether the Rule 60(b)(1) standard is met "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs.*, 507 U.S. at 395. Those circumstances include "prejudice to the [adversary], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*; *see also Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994).

Whether Webb meets the high standard for relief under Rule 60(b)(1) turns on whether her counsel's admitted negligence in failing to timely comply with her obligation to submit a PFS or to respond to New GM's motions to dismiss on that basis qualifies as "excusable." The question is a close one, but — given the totality of the unique circumstances presented by her case — the Court concludes that Webb should be granted relief. That conclusion is supported by the fact that: (1) counsel timely provided most of the required information to New GM in connection with the case of Stephen Zehner, 15-CV-1982, who was in the same "subject vehicle" and accident, *see* Docket No. 6049, ¶ 3; *compare* 15-CV-1982, Docket No. 1, ¶ 32, *with* 16-CV-5525, Docket No. 4, ¶ 29; (2) counsel represents that he provided much of the required

7

information to New GM for settlement purposes, pursuant to MDL Order No. 108, *see* Docket No. 6049, ¶ 3; (3) counsel was assured by New GM (in one instance, even after New GM had moved to dismiss) that it did not "need any additional settlement documentation," *see* Docket Nos. 6049-12, 6049-13, and reasonably took that to mean that Webb was in compliance with her obligations; (4) counsel represents that he did not receive actual notice of New GM's motions to dismiss due, in part, to staff turnover in his office, *see* Docket No. 6049, at 8-9; (5) upon learning about the dismissal, counsel promptly sought relief pursuant to Rule 60(b) and submitted a PFS in accordance with MDL Order No. 25, *see id.* at 9-10; and (6) counsel for New GM themselves included Webb on a list of live cases as late as July 24, 2018, *see* Docket No. 5867.  Moreover, reinstating Webb's case will not substantially prejudice New GM since Wave Three discovery is still ongoing.  Taken together, these facts support relief from the dismissal under Rule 60(b)(1). *See, e.g.*, *Norman v. United States*, 377 F. Supp. 2d 96, 98-99 (D.D.C. 2005) (finding excusable neglect where counsel failed to attend a status conference due to a lack of familiarity with the court's electronic filing system), *aff'd*, 467 F.3d 773 (D.C. Cir. 2006); *Union Pac. R.R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782-83 (8th Cir. 2001) (reversing an order denying vacatur of a default judgment where the defendant's faulty record-keeping caused its default, but the defendant promptly moved to correct it and the short-term delay did not prejudice plaintiff).

Accordingly, Webb's motion is GRANTED.  Her later motion to expedite a ruling on the motion to vacate, *see* 16-CV-5525, Docket No. 111, is thus DENIED as moot.  Counsel shall promptly confer and, within **ten days** of the date of this Memorandum Opinion and Order, submit a joint letter proposing next steps for her case, including whether and how to incorporate her case into Wave Three and whether or how the Court could facilitate settlement.

**4.** *Adesanya v. General Motors LLC*, **16-CV-0925;** *Bledsoe v. General Motors LLC*, **14-CV-7631; and** *Machado v. General Motors LLC*, **18-CV-2984**

Last but not least, New GM moves to dismiss without prejudice the claims of Jonathan Howard, one of the Plaintiffs in *Adesanya v. General Motors LLC*, 16-CV-925; Sharon Bledsoe, one of the Plaintiffs in *Bledsoe v. General Motors LLC*, 14-CV-7631; and Charlotte Machado, the Plaintiff in *Machado v. General Motors LLC*, 18-CV-2984.[6] *See* Docket No. 6875; *see also* Docket No. 6927. Mr. Howard, Ms. Blesdoe, and Ms. Machado each failed to file any opposition to GM's motion. Accordingly, the motion to dismiss their claims without prejudice is GRANTED as unopposed.

\* \* \* \*

For the foregoing reasons, the *August* Plaintiffs' motions for leave to amend their complaint and their motion for an extension of time to file a reply are DENIED; New GM's motion to dismiss the claims of the *Hancock* Plaintiffs with prejudice is DENIED (without prejudice); New GM's motion to dismiss the claims of Plaintiff Allen New with prejudice is GRANTED as unopposed; the *Hamilton* Plaintiffs' motion for remand and other relief is DENIED; Plaintiff Megan Webb's motion to vacate is GRANTED, and her motion to expedite a ruling on the motion to vacate is DENIED as moot; and New GM's motion to dismiss the claims of Plaintiffs Jonathan Howard, Sharon Beldsoe, and Charlotte Machado without prejudice is GRANTED as unopposed.

The Clerk of Court is directed to terminate 14-MD-2543, Docket Nos. 6049, 6644; 16-CV-8544, Docket Nos. 93, 96; 18-CV-1019, Docket No. 57; 18-CV-0060, Docket No. 59; 16-CV-2046, Docket No. 122; and 16-CV-5525, Docket Nos. 97, 111. The Clerk of Court is also

---

[6] New GM also moved to dismiss the claims of Desaray Clem, the Plaintiff in *Clem v. General Motors LLC*, 18-CV-8713. The Court will address that portion of New GM's motion in a separate order to be issued today.

9

directed to terminate Plaintiff Allen New as a party and, because he is the only remaining plaintiff in 18-CV-0060, to close that member case.

    SO ORDERED.

Date: July 23, 2019
       New York, New York

_____
JESSE M. FURMAN
United States District Judge